NicholsoN, C. J.,
delivered the opinion of the court.
This is an agreed case, and raises the question whether the County Court can lawfully require the inhabitants of an incorporated town to work on the public roads outside of the corporate limits. The Circuit Judge is correct. The County Court has general jurisdiction over the public roads, and is authorized to assign a competent number of hands to each class of roads, and to appoint overseers of said roads, and to designate the boundaries within which those who reside are to work on the roads assigned to the overseers respectively, but so that no person *600 shall be compelled to work on more than one road. See Code, s. 1182.
But these provisions of the Code must be construed in connection with the law creating the corporation of Jacksboro. Within the boundaries so incorporated, the corporators are vested with specific powers for the proper government of the town. They are necessarily independent of the County Court, as to all matters over which the corporate authorities ai’e vested with power for the regulation and well-being of its inhabitants. Hence the County Court has no control over the roads within the limits of a corporation: 3 Head, 263.
The corporate authorities have express power to lay out, pave and keep in repair the public roads or streets within their .jurisdiction, and to carry out this power, they are authorized to assess taxes and collect the same.
Construing the laws giving power to the County Court over the public roads and those giving power to incorporated towns over the roads or streets within their limits, it is obvious that they can only be reconciled by the construction that each body is independent of the other, as to the public roads within their jurisdiction. It follows that the County Court has no authority to assign the inhabitants of Jacks-boro to work on the public roads outside of the town. The Circuit Judge so held and we affirm the judgment.